UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| John William Wallace, <br><br> Plaintiff <br><br> v. <br><br> Close Legal Description, <br><br> Defendant | Case No. 2:24-cv-01716-CDS-BNW <br><br> **Order Adopting in Part and Modifying in Part Magistrate Judge's Report and Recommendation** <br><br> [ECF No. 6] |

Plaintiff John William Wallace commenced this action against defendant Close Legal Description without paying the filing fee or submitting an application to proceed *in forma pauperis* (IFP), so Magistrate Judge Brenda Weksler issued an order directing him to do either by October 18, 2024. ECF No. 2. The order sent to Wallace came back to the court as undeliverable.[1] ECF No. 3. Wallace was thus ordered to comply with this district's local rules by updating his address. Min. order, ECF No. 4. On November 23, 2024, Wallace mailed another "complaint," but failed to pay the filing fee, submit an IFP application, or provide a more permanent mailing address.[2] ECF No. 5. When the deadline passed without response, Judge Weksler issued a report recommending dismissal of this action. R&R, ECF No. 6. Wallace had until December 16, 2024, to file any objections to the R&R. *Id.* at 3 (citing Local Rule IB 3-2(a) (stating that parties wishing to object to an R&R must file objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1) (same). Although it is unknown whether Wallace received a copy of the R&R, as of the date of this order, he has neither objected nor requested an extension of time to do so. Wallace's copy of the R&R not been returned as unclaimed or undeliverable.

---

[1] The mail was "unclaimed" when it was returned on October 24, 2024. ECF No. 3.

[2] Wallace provides his mailing address as "General Delivery, Davis, CA 95616." "General delivery is intended primarily as a temporary means of delivery: a. For transients and customers not permanently located. b. For customers who want Post Office box service when boxes are unavailable." Domestic Mail Manual § 508.6.1. Based on the pleadings, it is unclear why Wallace uses general delivery.

"[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Although de novo review of the R&R is not required, I nonetheless conduct one here. Judge Weksler recommends dismissal of this action because Wallace failed to obey the court's orders requiring him to pay the mandatory filing fee or submit an application to proceed *in forma pauperis* and failing to update his address. R&R, ECF No. 6. In making that determination, Judge Weksler considered the five dismissal factors set forth in *Malone v. U.S. Postal Service* and found that they weighed in favor of dismissal. 833 F.2d 128, 130 (9th Cir. 1987); ECF No. 6 at 2. I agree with Judge Weksler's finding that the first, second, and third factors—the public's interest in expeditious resolution of litigation; the court's need to manage its docket; and the risk of prejudice to the defendants—weigh in favor of dismissal. I also agree that the fourth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal, but it is greatly outweighed by the factors favoring dismissal. Although the public policy favoring disposition of cases on their merits counsels against dismissal, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). However, I modify in part the finding as to the fifth factor, which requires the court to consider less drastic alternatives. This modification does not impact the conclusion that Wallace's action warrants dismissal. I agree with Judge Weksler's reasoning that this action cannot proceed without an address and without an IFP application or the filing fee but modify the finding that "[t]he circumstances here do not indicate that Plaintiff needs additional time nor is there evidence that he did not receive the Court's order." ECF No. 6 at 2. There is evidence that Wallace did not receive Judge Weksler's September 17, 2024 order directing him to pay the filing fee or submit an application to proceed *in forma pauperis* because it was returned unclaimed (ECF No. 3). There is no clear indication on the court's docket that

Wallace was mailed a copy of the October 30, 2024 minute order instructing him to update his address and cautioning him that failure to do so may result in a recommendation of dismissal (ECF No. 4). Even supposing that Wallace did not receive a copy of the minute order, it is ultimately the plaintiff's burden to prosecute a case, and a litigant has "a duty to keep track of the progress of their lawsuit." *Lal v. California*, 610 F.3d 518, 527 (9th Cir. 2010) (quoting *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141 (9th Cir. 1989). The R&R has not yet been returned as undeliverable or unclaimed, so there is no evidence that Wallace did not receive the recommendation that this case be dismissed for his failure to comply with the court's orders. Therefore, I adopt Judge Weksler's findings and conclusion with the modification addressing whether Wallace received copies of the orders.

### Conclusion

It is therefore ordered that the report and recommendation **[ECF No. 6] is accepted and modified as set forth in this order**. This action is now dismissed without prejudice. The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

Dated: January 3, 2025

_____
Cristina D. Silva
United States District Judge